OPINION
{¶ 1} John and Beverly Berecz appeal from an order entered in the Franklin County Municipal Court enjoining a nuisance at property owned by John Berecz. The order also requires closing the property for one year.
 {¶ 2} A single assignment of error is set forth for our consideration:
 THE JUDGMENT IS UNSUPPORTED BY SUFFICIENT EVIDENCE AND IS OTHERWISE CONTRARY TO LAW. *Page 2 
 {¶ 3} This case was decided in the Franklin County Municipal Court based upon stipulated findings of fact. Those stipulated facts are:
 1. The real property that is the subject matter of this complaint (hereinafter `premises') is located on parcel number 010-114073, and is commonly known as 755 Hilock Road in the City of Columbus, Franklin County, Ohio.
 2. Respondent John Berecz is and has been at all times relevant to this action the owner of record of the premises located at 755 Hilock Road, Columbus, Ohio 43207.
 3. The Narcotics Bureau of the Columbus Division of Police (hereinafter `Narcotics Bureau') began investigating the premises located at 755 Hilock Rd., Columbus, Ohio after receiving complaints about alleged on-going drug sales occurring at the premises.
 4. On March 22, 2007 and March 26, 2007, utilizing a confidential informant, Narcotics Detectives made covert purchases of crack cocaine at 755 Hilock Rd.
 5. As a result of these purchases of crack cocaine, the Narcotics Bureau executed a search warrant at 755 Hilock Rd., on March 27, 2007. Items found inside the residence included 19 grams of crack, 5 grams of marijuana, bags with cocaine residue, scales, knives, one machete, crack pipes, miscellaneous papers, a cell-phone, miscellaneous pills, shotgun shells, one shotgun, one rifle, in excess of $900 cash and buy money from the Columbus Police Division.
 6. After the March 27, 2007 execution of the search warrant on 755 Hilock Rd., Columbus Police Detective Ted Shaw sent a certified letter to John Berecz to notify him of the felony drug activity occurring on the property located at 755 Hilock Rd.
 7. Detective Ted Shaw received a receipt from the United States Postal Service indicating that John Berecz signed for the certified letter on April 5, 2007.
 8. On June 18, 2007, utilizing a confidential informant, Narcotics Detectives made another covert purchase of crack cocaine at 755 Hilock Rd. Respondent John Berecz was not present. *Page 3 
 9. As a result of the June 18, 2007 purchase of crack cocaine, the Narcotics Bureau executed a search warrant at 755 Hilock Road that same day. None of the items found during the execution of the March 27, 2007 search warrant were found inside 755 Hilock Road during the June 18, 2007 search.
 10. Petitioner possesses no evidence that respondent John Berecz himself personally conducted the aforementioned drug purchases/sales.
 11. The parties do not intend that the aforementioned stipulation in paragraph 10 operate as an admission against the petitioner that respondent John Berecz had no involvement whatsoever in the aforementioned drug purchases/sales, but rather that this particular stipulation state only a fact in the limited sense that there is no evidence to show that John Berecz was himself personally involved in the aforementioned drug sales.
 12. Likewise, the parties do not intend that the aforementioned stipulations operate as an admission against respondent John Berecz to the effect that either John Berecz, or another with his acquiescence, conducted illegal drug sales at 755 Hilock Rd., but rather that they state only the facts related herein.
 {¶ 4} Because the trial court felt John Berecz acquiesced in the drug trafficking which was occurring at his property, the trial court not only enjoined further trafficking in drugs, but ordered closure of the property. In doing so, the trial court followed the mandates of R.C. 3767.05(E), which reads:
 If the court finds that a nuisance described in division (C)(3) of section 3767.01 of the Revised Code exists, the court shall order the nuisance to be abated, and, in entering judgment for nuisance, the court shall do all of the following:
 (1) Specify that judgment is entered pursuant to division (E) of this section;
 (2) Order that no beer or intoxicating liquor may be manufactured, sold, bartered, possessed, kept, or stored in *Page 4 
the room, house, building, structure, place, boat, or vehicle or any part thereof. The court need not find that the property was being unlawfully used at the time of the hearing on the matter if the court finds there existed a nuisance as described in division (C)(3) of section 3767.01 of the Revised Code.
 (3) Order that the room, house, building, boat, vehicle, structure, or place not be occupied or used for one year after the judgment is rendered. The court may permit the premises to be occupied by a person other than the defendant or a business affiliate of the defendant in the nuisance action, or an agent of, or entity owned in whole or part by, the defendant, if the person, lessee, tenant, or occupant of the location posts a bond with sufficient surety, to be approved by the court issuing the order, in the sum of not less than one thousand nor more than five thousand dollars, payable to the state of Ohio, on the condition that no beer or intoxicating liquor thereafter shall be manufactured, sold, bartered, possessed, kept, stored, transported, or otherwise disposed of on the premises, and the person agrees to pay all fines, costs, and damages that may be assessed for a violation. A reasonable sum shall be allowed an officer by the issuing court for the cost of closing and keeping closed the premises that is the subject of the nuisance action.
 (4) Send notice of the judgment entered to the division of liquor control, the liquor control commission, and the liquor enforcement division of the department of public safety.
 {¶ 5} The Franklin County Municipal Court attempted to abide by the ruling of State ex rel. Pizza v. Rezcallah (1998), 84 Ohio St.3d 116, which limited the application of R.C. 3767.05(E) to owners who have some culpability for the presence of a nuisance on their property. If owners negligently or knowingly allow a nuisance to continue on their property, the closure order can be utilized.
 {¶ 6} The stipulated facts indicate that John Berecz was aware of the drug sales occurring on his property. The stipulated facts indicate no effort by Berecz to stop the trafficking in drugs which was occurring at the property after being informed of the drug *Page 5 
sales occurring at his property and the substantial quantity of controlled substances seized at the property. Berecz had a duty to take some sort of affirmative action to stop the use of his property as a crack house. Because no evidence suggests he took any affirmative action, the trial court could reasonably find that Berecz negligently acquiesced in the alleged activity which constituted the nuisance. As a result, the trial court could order the one-year closure of the property.
 {¶ 7} The sole assignment of error is overruled. The judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
 BRYANT and FRENCH, JJ., concur. *Page 1